ESCALERA, APPELLANT, *v.* FALÚ ET AL., RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 984.—Decided June 17, 1913.

COMMUNITY PROPERTY—SALE OF UNDIVIDED INTERESTS—LIQUIDATION OF CONJUGAL PARTNERSHIP.—A liquidation of the conjugal partnership is not an antecedent and indispensable requisite in order that the widow and heirs of the deceased spouse may lawfully dispose of their common and undivided interests in a property belonging to the conjugal partnership.

ID.—LIQUIDATION OF CONJUGAL PARTNERSHIP—DETERMINED INTEREST IN PROPERTY.—A liquidation of the conjugal partnership is indispensable only when the surviving spouse and heirs of the deceased spouse wish to alienate determined and specific portions of a property belonging to the conjugal partnership, and said liquidation may be effected when the testamentary settlement of the estate left by the deceased spouse is made, proceeding in this according to the provisions of the act relating to special legal proceedings approved March 9, 1905.

The facts are stated in the opinion.

*Mr. Cay. Coll Cuchí* for appellant.

*Mr. Francisco Socorró* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 15, 1913, Bárbara Escalera Falú filed a sworn complaint in Section 1 of the District Court of San Juan against Dominga Falú Cruz, Anastasio, Monserrate and Mónico Escalera Falú, Justina Escalera Millán and Octaviano José Herrera, alleging as grounds of her action the following facts:

*First.* That the plaintiff is the legitimate daughter of Félix Escalera and Dominga Falú.

*Second.* That Félix Escalera died in October, 1895, leaving a will made on February 17 of the same year.

*Third.* That Félix Escalera named his six children, Modesto, Anastasio, Cristina, Monserrate, Mónico, and the plaintiff, Bárbara Escalera, as his sole and exclusive heirs.

*Fourth.* That upon the death of Félix Escalera his wife, Dominga Falú Cruz, and their children continued residing on one of the properties belonging to the deceased, but the defendant, Dominga Falú Cruz, remained in charge of the entire estate of Escalera.

*Fifth.* That the entire estate of the deceased Escalera was acquired during his marriage with Dominga Falú and is conjugal partnership property.

*Sixth.* That the surviving spouse, Dominga Falú, has at no time made any liquidation of the said community property.

*Seventh.* That by a public deed executed on February 28, 1912, the defendants, Dominga, Anastasio, Cristina, Monserrate, Justina, and Mónico Escalera, for and in consideration of the sum of $9,000 sold to the defendant, Octaviano José Herrera, a rural property forming part of the conjugal-partnership property of the Escalera-Falú marriage, having for that purpose made a survey and partition of the said property and allotted to themselves certain proportional parts thereof, all contrary to the wishes of the plaintiff and without the proper liquidation of the conjugal partnership.

*Eighth.* That at his death Félix Escalera left considerable property, which property was administered by Dominga Falú, who enjoyed the income therefrom, and that a large part of

the said estate was sold to other persons for the benefit of Dominga Falú and to the detriment of the plaintiff.

*Ninth.* That according to the belief of the plaintiff, the property of the conjugal partnership, Escalera-Falú, has a value of $20,000.

The will of Félix Escalera made on February 17, 1895, and the deed of sale executed February 28, 1912, in favor of the defendant, Octaviano José Herrera, were incorporated in and made a part of the complaint.

The complaint concluded with the prayer that the said deed of sale be declared null and void and that the defendant, Dominga Falú, be ordered to make a liquidation of the community property resulting from her marriage to Félix Escalera within a period of 30 days, and that the defendants be further ordered to pay to the plaintiff the costs of the suit and attorney's fees.

Counsel for the defendants filed a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, which demurrer was sustained by a judgment rendered on April 21 last dismissing the complaint with costs against the plaintiff.

From this judgment an appeal was taken to this court by counsel for the plaintiff who alleged as a ground for its reversal that according to our statutes and the jurisprudence of this court the surviving spouse cannot sell any part of the community property without first making the liquidation of the partnership, and that that not having been done in this case, the deed of sale made in favor of Octaviano José Herrera is null and void.

In order to determine the judicial questions raised in the complaint it becomes necessary to consider the facts stated therein in connection with the deed of February 28, 1912, which is made a part thereof.

In clause 3 of the said deed it is stated that one undivided half of the property sold then belonged to Dominga Falú Cruz as her share of the community property acquired during her

marriage with Félix Escalera and that one undivided seventh of the other half belonged to Modesto, Bárbara, Anastasio, Cristina, Monserrate, and Mónico Escalera Falú and to Cornelio and Justina Escalera Millán in equal shares by inheritance from Félix Escalera; and in clause 4 the parties, Dominga Falú Cruz, Anastasio, Cristina, Monserrate, and Mónico Escalera Falú and Justina Escalera Millán sold to. Octaviano José Herrera the undivided share which as joint owners each one had or might have in the estate, conveying to him in their entirety all the rights of ownership and dominion which they had or may have in said real property, without reservation or limitation of any kind whatsoever, the purchaser having the right to enter immediately into possession of the property sold without further authorization than the execution of the deed.

According to the terms of the deed, the vendors did not sell to Octaviano José Herrera the entirety of a rural estate which formed part of the community property, as alleged by the plaintiff, but limited themselves to the sale of the undivided share which each one as joint owners had or might have in the estate, the widow by virtue of her community rights and the other vendors as heirs of Félix Escalera.

The defendants had the legal capacity to effect said sale, as may be seen from the facts set forth in the complaint. The conjugal partnership, Falú-Escalera, was dissolved by the death of Escalera in October, 1895, and since that date the widow, Dominga, and the heirs of Félix Escalera, the first by reason of her interest in the community property and of her dower interest, and the others under title of inheritance, had the right to a common undivided interest in the community property of the said conjugal partnership notwithstanding the fact that neither the widow nor the heirs acquired any rights to a determined portion thereof, which right could be acquired by them only after a liquidation of the conjugal partnership and of the inheritance.

The widow and heirs of Félix Escalera having common

and undivided shares in the property sold to Octaviano José Herrera, the sale cannot be held to be void, as the interest which the surviving spouse may have in the community property, as well as the hereditary rights of the heirs in the estate, may be alienated without prejudice to what may be fixed and determined on liquidating the conjugal partnership and inheritance.

The liquidation of the conjugal partnership Falú-Escalera, which the plaintiff prays the court to order the widow to make, may be effected when the testamentary settlement of the estate left by Félix Escalera is made, as is the usual practice, and to secure this settlement the plaintiff should proceed according to the Act relating to Special Legal Proceedings, approved March 9, 1905.

The judgment appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.